## FITCH v. BROOMFIELD.

Chancery will not interpose where the party has adequate remedy at law.

PETITION in chancery, showing that in November 1773, he was indebted to said Broomfield by note £100 which was upon interest; that on the 24th of July A. D. 1777 he paid to Joseph Trumbull, Esq. who was then attorney to said Henry Broomfield and who had said note to collect £120, and took his receipt therefor, as follows; Received July 24th 1777 of Eleazer Fitch £120 lawful money, which I promise to pay to Henry Broomfield on account of said Fitch's note to him for £100 given in A. D. 1773. Joseph Trumbull. That in A. D. 1789 the petitioner removed to St. Johns in Canada, said Trumbull being dead and insolvent; that said Broomfield brought forward an action upon said note against the petitioner, by attaching his property, and in August A. D. 1791 recovered judgment by default, for the whole sum of said note, and has had the same paid and satisfied by the petitioner's lands — praying that said Broomfield be decreed to repay said £120 and interest, or to return so much of said land appraised off in payment of said debt.

Plea in abatement — That the petitioner's remedy was at law.

Judgment — Plea sufficient. If the receipt is to be considered as Broomfield's, it will apply at law and whether it is so to be considered or not, is determinable at law, if it is not to be considered as Broomfield's receipt at law, then it cannot be applied to said note in chancery any more than at law.